## ULTRA VIRES ACTS BY DIRECTORS.

Circuit Court of Hamilton County.

BALDWIN V. EGAN ET AL. *

Decided, December 5, 1908.

*Corporations—Good Faith of Directors—Ultra Vires Agreements and Purchases of Property—Will not be Ordered Rescinded, When.*

Where the necessities of a corporation required the rentention of real estate which had been acquired under an *ultra vires* contract and compromise of pending suits, a court will not in the absence of fraud or bad faith order that the agreements be rescinded and a reconveyance made.

*Charles B. Wilby,* for plaintiff in error.
*Morison R. Waite,* contra.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

The contract of February 16, 1893, although referring to the purchase of the real estate by the pronoun "I" is signed by "The Egan Company. Thos. P. Egan, Pres't," and is therefore the contract of the company.

The agreement to pay $30,000 in stock of the J. A. Fay & Egan Company for the real estate and the agreement to repurchase the stock on or before ten years from date at $45,000 constituted one indivisible contract, and was assumed by the J. A. Fay & Egan Company when it purchased the business—assumed and agreed to pay the debts and liabilities of the Egan Company.

The contract could not, although *ultra vires,* be rescinded without a tender and ultimate reconveyance of the real estate.

The necessities of the company justified the retention of the real estate and a compromise of the pending suits to recover the $45,000 on return of the stock, and in the absence of fraud and bad faith the judgment will be affirmed.

---

* Affirming *Baldwin* v. *Egan et al,* 5 O. L. R., 476.